R. E. WOMACK v. THE STATE.

No. 19924. Delivered November 30, 1938.

The opinion states the case.

*Wiley B. Thomas,* of Groveton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was charged with uttering, publishing, passing and using as true and genuine a certain false deed to land in Trinity County, and upon a trial thereof he was given a term of twelve years in the penitentiary.

The State was forced to rely upon the testimony of accomplice witnesses in proving this offense. The proof of the making of this deed rested entirely on accomplice testimony, and the court instructed the jury that the witnesses thereto were accomplices. It then became necessary under the law for the State to present some corroborative testimony, outside of that of the accomplices, which would tend to connect the appellant with the offense charged. We have carefully searched the record therefor and are unable to find the same. We do find a witness who was not an accomplice, Mr. Nash, who saw the appellant and the four accomplices together on Sunday, the day after

the lady's death, whose signature was alleged to have been forged to such deed, but his testimony goes no further than to show that these parties were together in front of his home. We then find that on such Sunday night the appellant, together with Mr. Mangan, the grantee in such deed, going to a church and calling the county clerk out therefrom, and in the presence of appellant Mr. Mangan left such deed with the clerk, and directed that it be recorded.

This is all the corroboration that we can find, after having diligently searched the record. The indictment herein contains four counts, the first count thereof containing a charge that the appellant advised, aided, assisted and encouraged the forging of Mrs. Lee Secrist Davis' name to a certain false instrument; the second count charging the appellant himself with uttering, passing and using as true the false instrument in writing, knowing same to be false; the third count charged the appellant with aiding and assisting in the filing for record of such deed, and the fourth count charging him with a conspiracy to commit the felony of making such false and forged instrument. A conviction was had on the second count, thus eliminating the other three.

We are unable to see any sufficient corroboration of the accomplices' testimony. It is not shown that the signature on the acknowledgment is that of appellant; it is not even shown that he was a notary public. No further connecting testimony is anywhere found other than that herein above recited, and under the circumstances we are driven to the conclusion that the corroboration of the four witnesses, whom the trial court charged the jury were accomplices, is not sufficient to tend to show that the appellant made this false instrument. This matter was properly presented to the trial court, and the point preserved in a proper objection to the court's charge, as well as in appellant's motion for a new trial.

On account of a lack of corroboration of the accomplices' testimony, this judgment is reversed and the cause remanded.